UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK SIMER | Case No.: 22-10020 |
| Plaintiff, | Bernard A. Friedman |
| v. | United States District Judge |
| OAKLAND COUNTY, *et al.*, | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL (ECF No. 29); DENYING EX PARTE MOTIONS FOR LEAVE TO FILE EXHIBITS (ECF Nos. 32; 34).**

Plaintiffs filed this case on January 5, 2022. (ECF No. 1). This matter is presently before the Court on Defendant Adam Lowe's motion to compel and two related ex parte motions for leave to file exhibits. (ECF Nos. 29; 32; 34). These motions were referred to the undersigned. (ECF Nos. 30; 36). For the reasons discussed below, the undersigned **GRANTS** Defendant Lowe's motion to compel and **DENIES** the motions for leave to file exhibits. (ECF Nos. 29; 32; 34).

I.   DISCUSSION

   a. *Motion to Compel (ECF No. 29).*

At issue here is Defendant's Interrogatory 4 which relates to Plaintiff's cellular telephone information. (ECF No. 29, PageID.138). Plaintiff objects to

1

Interrogatory 4 because he claims the cellular telephone information is not relevant. (ECF No. 33, PageID.243).

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

"The burden . . . rests with the party objecting to the motion to compel to show in what respects the discovery requests are improper." *Strategic Mktg. & Rsch. Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-CV-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) (internal citations omitted).

Plaintiff's claims arise out an alleged physical confrontation between the parties following Plaintiff's arrest upon suspicion of driving under the influence of alcohol. (ECF No. 33, PageID.238; ECF No. 29, PageID.128). Plaintiff asserts Defendants used excessive force when booking him at the Oakland County Jail resulting in physical injury. (ECF No. 1, PageID.3).

Defendant argues that any facial injuries occurred before Plaintiff's arrest. (ECF No. 29, PageID.135). Defendant explains that the arresting deputy, non-party Deputy Simpson, noted Plaintiff had "redness or scratches on the bridge of his nose and his left inner cheek area near his nose" at the time of his arrest and before any contact with law enforcement. (*Id.* at PageID.136). Defendant argues Plaintiff had been in a "physical altercation, or fight, prior to being arrested." (*Id.* at PageID.135). Defendant contends Plaintiff's whereabouts and activities prior to his arrest are relevant for determining whether Plaintiff's injuries stem from the alleged incident or occurred before Plaintiff's arrest. (*Id.* at PageID.137). Defendant seeks Plaintiff's cellular telephone records to learn whether Plaintiff was involved in a physical incident near the time of his arrest which would explain his injuries.

> Interrogatory 4 asks:
>
> Did you have a cell phone at the time of the indecent? If so, please answer the following subparts:
> a. Who was your cell phone provider?
> b. What was your cell phone number?

    c. Do you still have the same cell phone?
    d. What was your account number?

(ECF No. 29-2, PageID.165). Defendant has limited the information sought to cellular telephone records for the 12 hours preceding his arrest. (ECF No. 35, PageID.312). In sum, Defendant asserts Plaintiff's communication and whereabouts from his cellular telephone information are relevant to Plaintiff's claims. (ECF No. 29, PageID.137).

In response, Plaintiff argues the cellular telephone records are not relevant because there is no evidence or allegation that Plaintiff used his cellular telephone at any time during or following his arrest. (ECF No. 33, PageID.236).[1] Plaintiff also argues there is no support for the claim that Plaintiff was in a physical altercation prior to his arrest and there is no evidence of preexisting facial injuries. (*Id.* at PageID.236-37).[2] Plaintiff argues it is "speculation" that Plaintiff's cellular telephone records are likely to provide information about a physical altercation prior to his arrest and asserts he will testify he was not involved in an altercation prior to his arrest. (*Id.* at PageID.237).

---

[1] Plaintiff has also filed an ex parte motion seeking leave to file exhibits, presumably to support that Plaintiff did not use his cellular telephone following his arrest because the exhibits appear to be several videos tracing Plaintiff's movements that night. (ECF No. 32, PageID.214). The Court will address this motion separately in this order.

[2] Plaintiff references the same exhibits that are the subject of his ex parte motion for this proposition. (ECF No. 33, PageID.237).

4

Defendant's reply states "Plaintiff has failed to offer any legitimate basis as to why his cell phone records for the 12 hours preceding his arrest are not discoverable." (ECF No. 35, PageID.312). Defendant argues the cellular telephone records may provide potential discussions of a physical altercation that are the cause of Plaintiff's injuries. (*Id.*). Defendant states that Plaintiff's whereabouts before the arrest are unknown based on his previous statements and his cellular telephone information may develop this information. (*Id.*).

Insofar as Plaintiff seems to be asking the Court to review various video recordings and conclude that Plaintiff was not injured when arrested, questions of fact are properly left to the jury. How the Plaintiff sustained his injuries is a key question in this case and Defendant has offered an alternative explanation about how they occurred. Defendant seeks discovery of Plaintiff's cellular telephone records for the twelve hours prior to his arrest to assess whether there is an alternative cause of Plaintiff's injuries. "Rule 26 authorizes expansive discovery, provided the material sought has some probative value in proving or disproving a claim or defense." *Spencer v. DTE Elec. Co.*, No. 15-11421, 2016 WL 8308942, at *2 (E.D. Mich. Mar. 11, 2016) (citing *Seven Bros. Painting, Inc. v. Painters Dist. Council No. 22 of Int'l Bhd. of Painters & Allied Trades (AFL-CIO)*, 2010 WL 3385313, at *2 (E.D. Mich. Aug. 24, 2010)). It is common sense that the presence of a prior injury, if such an injury exists, is relevant and has some probative value

in proving whether the Defendant caused Plaintiff's injuries. *Tocco v. Tocco*, No. 05-CV-70013-DT, 2006 WL 8431950, at *1 (E.D. Mich. Apr. 28, 2006) ("The requirement of relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms."). The extent of the information sought appears tailored to discovering if in the hours directly preceding Plaintiff's arrest, his telephone records provide evidence of an alternative cause of Plaintiff's injuries. The Court notes this ruling is based on the arguments regarding whether the information on Plaintiff's cellular telephone is *potentially relevant*, the parties did not develop arguments regarding the scope of the information sought. The Court does not raise arguments for the parties and this Order is limited to those arguments which were fully briefed and properly before the Court.[3]

Because the cause of Plaintiff's injuries is a fact of consequence in this case, discovery into another proposed cause of the injury is relevant to Plaintiff's claim and Defendant's defense. Therefore, based on what is before the Court, discovery on this matter is proper and the Defendant's motion to compel is **GRANTED**.

    *b. Ex Parte Motions for Leave to File Exhibits (ECF Nos. 32; 34).*

Plaintiff and Defendant have both filed an ex parte motion seeking leave to file exhibits related to the discovery dispute over interrogatory 4. (ECF Nos. 32;

---

[3] Plaintiff's only arguments which are related to this point are that Defendant is seeking to "conduct an impermissibly fishing expedition into Mr. Simer's life" and Plaintiff's assertion this is an "Invasion of Privacy." (ECF No. 33, PageID.236; PageID.239).

34). Plaintiff's motion has twenty-nine exhibits, each of which appears to be a video recording of various phases of Plaintiff's arrest and booking. (ECF No. 32, PageID.215-16). The exhibits are titled "Kirk Simpson Dashcam Video 1[,]" "Booking Detox Video[,]" "Booking Receiving Tanks Video 4[,]" etc. (*Id.*). Plaintiff indicates the filing of the motion stems from Defendant's motion to compel, but does not elaborate and explain further. (*Id.*). The Court presumes these video recordings are offered for the proposition that Plaintiff did not use his cellular telephone following his arrest or that Plaintiff was not injured prior to his arrest because Plaintiff's response to the motion to compel references these exhibits in support of these arguments. (*Id.*; ECF No. 33).

As to whether Plaintiff used his cellular telephone following his arrest, this fundamentally confuses Defendant's argument that Plaintiff's cellular telephone use *prior* to his arrest may be relevant to his claims. As to whether Plaintiff was injured at the time of his arrest, the Court need not inquire into whether Plaintiff appears injured when he was arrested to resolve this motion to compel and the injury is a question of fact which should be left for the jury.

Defendant's ex parte motion for leave to file exhibits also references video recordings stating two of the exhibits attached to Defendant's reply labeled Exhibit C and Exhibit D "cannot be converted to PDF for the reason that they are video files." (ECF No. 34, PageID.309). That said, Defendant's reply brief does not cite

7

Exhibit D. (ECF No. 35). Defendant's reply brief does refer to Exhibit C which appears to be Plaintiff's mug shot and is attached as Exhibit C to Defendant's motion to compel. (ECF No. 35, PageID.314) (citing ECF No. 29-3, PageID.176) (displaying a still photograph that is purportedly Plaintiff's mug shot).

The Court has already addressed Defendant's motion to compel without the aid of any of the ex parte exhibits and sees no other value in docketing them now, therefore, both motions are **DENIED**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: February 16, 2022,	s/Curtis Ivy, Jr.
	Curtis Ivy, Jr.
	United States Magistrate Judge